**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BUTTE DIVISION**

| | | |
|---|---|---|
| **RICKY D. LEWIS,** | ) | CV-09-36-BU-RFC |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER ADOPTING FINDINGS** |
| | ) | **AND RECOMMENDATIONS OF** |
| **MICHAEL J. ASTRUE,** | ) | **U.S. MAGISTRATE JUDGE** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

On February 1, 2010, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court remand this matter.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the February 1, 2010 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review

1

de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(i)-(v).

> 1. The claimant must first show that he or she is not currently engaged in substantial gainful activity. *Tackett*, 180 F.3d at 1098.

> 2. If not so engaged, the claimant must next show that he or she has a severe impairment. *Id.*
>
> 3. The claimant is conclusively presumed disabled if his or her impairments meet or medically equal one contained in the Listing of Impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (hereafter "Listing of Impairments"). *Id.* If the claimant's impairments do not meet or medically equal one listed in the regulations, the analysis proceeds to the fourth step.
>
> 4. If the claimant is still able to perform his or her past relevant work, he or she is not disabled and the analysis ends here. *Id.* "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at [this step] and the evaluation proceeds to the fifth and final step." *Id.* at 1098-1099.
>
> 5. If the claimant is unable to perform his or her past relevant work due to a "severe impairment (or because [he or she does] not have any past relevant work)" the court will determine if the claimant is able to make an adjustment to perform other work, in light of his or her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If an adjustment to other work is possible then the claimant is not disabled. *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proof at steps one through four, but at the fifth step the Commissioner bears the burden of establishing that there is other work in significant numbers in the national economy that the claimant can perform. *Id.* The Commissioner can meet this burden via the testimony of a vocational expert or reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Id.* If the Commissioner is unable to meet this burden then the claimant is disabled and entitled to benefits. *Id.*

Plaintiff argues that the ALJ erred in finding that he did not meet or medically equal the requirements of § 12.04 and § 12.08 of the Listing of Impairments, more specifically, the "B" criteria of those sections. In support of his findings that Plaintiff does not meet or medically equal the requirements of § 12.04 and § 12.08, the ALJ only discussed the opinions and testimony of Dr. Donna Veraldi, who was a non-examining, medical expert. The ALJ does not mention the opinion of Dr. Lanes, who is Plaintiff's treating psychiatrist.

Dr. Lanes expressed an opinion that Lewis suffers marked limitations with respect to his ability to understand and remember short, simple instructions, his ability to carry out short, simple instructions, his ability to understand and remember detailed instructions, his ability to carry out detailed instructions, his ability to interact appropriately with the public, his ability to interact appropriately with supervisors, his ability to interact appropriately with co-workers, his ability to respond appropriately to work pressures in a usual work setting, and his ability to respond appropriately to changes in routine work settings. *See Administrative Record* (A.R.) at 625-628, 24-25.

To reject the contradicted opinion of a treating medical source, the ALJ must provide specific and legitimate reasons supported by substantial evidence for doing so. *Ryan v. Commr. of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

The opinion of non-examining physicians, like Dr. Veraldi, cannot by itself constitute substantial evidence justifying the rejection of either an examining or treating physician's opinion. *Id.* at 1202. But, "[t]he opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

It is apparent that the ALJ failed to address Plaintiff's evidence at step three or explain why he rejected the opinions of Dr. Lanes, a treating acceptable medical source. To reject Dr. Lanes' opinions, the ALJ needed to provide specific and legitimate reasons supported by substantial evidence, which he did not.

Plaintiff also raises issues regarding the ALJ's treatment of other opinion evidence. On remand, the ALJ should reconsider this opinion evidence in light of the following discussion regarding the appropriate standards set forth in the regulations.

Opinion evidence cannot be rejected solely because it is not from an acceptable medical source. The same factors provided in 20 C.F.R. § 416.927(d)

5

for evaluating medical opinions from acceptable medical sources also apply when evaluating opinion evidence from other sources because "[t]hese factors represent basic principles that apply to the consideration of all opinions." Soc. Sec. Ruling 06-03p at *4. These factors include: the nature of the examining relationship, the nature of the treatment relationship, supportability, consistency, specialization of the source, and any other factors which tend to support or contradict the opinion. 20 C.F.R. § 416.927(d); 20 C.F.R. § 404.1527(d). Opinions from "medical sources, who are not technically deemed 'acceptable medical sources' under [the] rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." Soc. Sec. Ruling 06-03p at *3. The ruling continues:

> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because. . . "acceptable medical sources" are the most qualified health care professionals. However, depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source.

*Id.* at *5 (internal quotation marks and citations omitted).

    The ALJ here emphasized that Ms. Keener and Ms. Vos-Fernau are not acceptable medical sources. A.R. at 33-34. Ms. Keener's and Ms. Vos-Fernau's

opinions still must be considered with respect to assessing the severity of Plaintiff's impairments and the effect his impairments have on his functional abilities. Soc. Sec. Ruling 06-03p at *3.

The ALJ also rejected the opinions of Kelley Williams, Plaintiff's girlfriend, in part because they were not based on "objective medical evidence." A.R. at 34. The ALJ must consider "all relevant evidence." Soc. Sec. Ruling 06-03p at *6. The regulations specifically contemplate the evaluation of evidence from non-medical sources such as spouses, parents, and other care givers, siblings, other relatives, friends, and neighbors, to "show the severity of [the claimant's] impairment(s) and how [the impairment] affects the [claimant's] ability to work. 20 C.F.R. § 416.913(d). Ms. Williams' opinions reflect her observations of Plaintiff and how he functions at home. A.R. at 319-327. That her opinions are not based on objective medical evidence is expected. The regulations contemplate that her opinions would not be based on such evidence. See 20 C.F.R. § 416.913(d). Soc. Sec. Ruling 06-03p at *6 states:

> In considering evidence from 'non-medical sources' who have not seen the [claimant] in a professional capacity in connection with their impairments, such as spouses, parents, friends, and neighbors, it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence.

On remand, the ALJ should reconsider the evidence offered by non-medical sources in light of these regulations.

Based on the foregoing, the Court finds that there is not substantial evidence in the record to support the ALJ's decision. The Court further finds that the ALJ's decision is based on legal error.

Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision denying SSI is REVERSED and the case is REMANDED for further administrative proceedings in accordance with this order and the Findings and Recommendations of Magistrate Judge Carolyn Ostby. The Commissioner's motion for summary judgment (Court Doc. 17) is DENIED in part and GRANTED in part, and Plaintiff's motion for summary judgment (Court Doc. 10) is DENIED in part and GRANTED in part.

The Commissioner's motion is denied to the extent that it requests the ALJ's decision be affirmed, but is granted to the extent that it requests the case be remanded for further administrative proceedings. Plaintiff's motion is granted to the extent that it requests the ALJ's decision be reversed, but denied to the extent that it requests the Court to award benefits.

The Clerk of Court shall notify the parties of the entry of this Order and close this case.

DATED the 2nd day of April, 2010.

                                         */s/ Richard F. Cebull*_____
                                         RICHARD F. CEBULL
                                         UNITED STATES DISTRICT JUDGE